B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** Jerry Namba, Chapter 7 Trustee of the Bankruptcy Estate of Canyon Crest Ranch Partners-Moorpark, LLC | **DEFENDANTS** James Rojas; Sugira Limited, LLC a California Limited Liability Company, AKA Sugari Limited, LLC; Texas Tart, LLC a California Limited Liability Company; Texas Tart, LLC a Delaware Limited Liability Company; Texas Tart, a Delaware Corporation; an individual; Dru Peterson, an individual; Susan Peterson, an individual; and Jodi A. Proud, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) HABERBUSH, LLP 444 West Ocean Boulevard, Suite 1400, Long Beach, CA 90802 Telephone: (562) 435-3456    Facsimile: (562) 435-6335 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor    ☐ Other ☒ Trustee | **PARTY** (Check One Box Only) ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin ☐ Creditor    ☒ Other ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
(1) Avoidance of Fraudulent Transfer of Property of the Estate Pursuant to 11 U.S.C. § 548 and FRBP 7001(1); (2) Declaratory Relief Pursuant to FRBP 7001(1); (3) Avoidance of Transfer of Property of the Estate Pursuant to 11 U.S.C. § 549 and FRBP 7001(1); (4) Avoidance of Transfer of Property of the Estate Pursuant to 11 U.S.C. § 549 and FRBP 7001(1); (5) Avoidance of Transfer of Property of the Estate Pursuant to 11 U.S.C. § 549 and FRBP 7001(1); (6) Declaratory Relief Pursuant to FRBP 7001(1); (7) for Recovery of Avoided Transfers Pursuant to 11 U.S.C. §§ 550 and 551; (8) Avoidance of Transfer of Property of the Estate Pursuant to 11 U.S.C. § 362 and FRBP 7001(1); (9) Declaratory Relief Pursuant to FRBP 7001(1); and (10) Declaratory Relief Pursuant to FRBP 7001(1)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ N/A |

Other Relief Sought
Avoidance and recovery of transfers of property of the estate; declaratory relief

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>CANYON CREST RANCH PARTNERS-MOORPARK, LLC || BANKRUPTCY CASE NO.<br>9:18-bk-11383-DS ||
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL || DIVISION OFFICE<br>NORTHERN | NAME OF JUDGE<br>SALTZMAN |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>[signature] ||||
| DATE<br>5 MAR 2020 || PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>LOUIS H. ALTMAN ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

HABERBUSH, LLP
LOUIS H. ALTMAN, ESQ., SBN 167103
VANESSA M. HABERBUSH, ESQ., SBN 287044
444 West Ocean Boulevard, Suite 1400
Long Beach, CA 90802
Telephone: (562) 435-3456
Facsimile: (562) 435-6335
E-mail: laltman@lbinsolvency.com

Attorneys for Plaintiff

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>Canyon Crest Ranch Partners-Moorpark, LLC,<br><br>Debtor. | Case No. 9:18-bk-11383-DS<br><br>**Chapter 11**<br><br>Adv. Case No. 9:20-ap- |
| Jerry Namba, Chapter 7 Trustee of the Bankruptcy Estate of Canyon Crest Ranch Partners-Moorpark, LLC<br><br>Plaintiff,<br><br>v.<br><br>James Rojas; Sugira Limited, LLC a California Limited Liability Company, AKA Sugari Limited, LLC; Texas Tart, LLC a California Limited Liability Company; Texas Tart, LLC a Delaware Limited Liability Company; Texas Tart, a Delaware Corporation; Dru Peterson, an individual; Susan Peterson, an individual; and Jodi A. Proud, an individual,<br><br>Defendants. | COMPLAINT:<br>(1) **AVOIDANCE OF FRAUDULENT TRANSFER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 548 AND FRBP 7001(1);**<br>(2) **DECLARATORY RELIEF PURSUANT TO FRBP 7001(1);**<br>(3) **AVOIDANCE OF TRANSFER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 549 AND FRBP 7001(1);**<br>(4) **AVOIDANCE OF TRANSFER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 549 AND FRBP 7001(1);**<br>(5) **AVOIDANCE OF TRANSFER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 549 AND FRBP 7001(1);**<br>(6) **DECLARATORY RELIEF PURSUANT TO FRBP 7001(1);**<br>(7) **FOR RECOVERY OF AVOIDED TRANSFERS PURSUANT TO 11 U.S.C. §§ 550 AND 551;**<br>(8) **AVOIDANCE OF TRANSFER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 362 AND FRBP 7001(1);**<br>(9) **DECLARATORY RELIEF PURSUANT TO FRBP 7001(1); AND**<br>(10) **DECLARATORY RELIEF PURSUANT TO FRBP 7001(1)** |

1.      Chapter 7 Trustee, Jerry Namba ("Plaintiff" and/or "Namba" and/or "Trustee") of the Chapter 7 Estate of Canyon Crest Ranch Partners-Moorpark, LLC (the "Estate") by and through special

1                                              THIS DOCUMENT PREPARED ON RECYCLED PAPER.

counsel, Haberbush, LLP, hereby alleges in support of this complaint against the defendants, and each of them (collectively "Defendants"), as follows:

### NATURE OF ACTION

2. This complaint ("Complaint") seeks to avoid and recover from Defendants an unauthorized and fraudulent transfer of property to or for the benefit of the transferees prior to the filing of the bankruptcy pursuant to 11 U.S.C. § 548, to avoid and recover from Defendants an unauthorized transfer of property to or for the benefit of the transferees after the filing of the bankruptcy pursuant to 11 U.S.C. §§ 549, and 550; and to declare that the transfers are void; to find that the post-petition transfers are void pursuant to 11 U.S.C. § 362; and to declare certain liens encumbering the property to be null and void; and to confirm title in the Subject Property (defined hereinbelow) to the Debtor's Estate.

### JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), pursuant to 28 U.S.C. §§ 151, 157, and 1334.

4. This adversary proceeding is commenced pursuant to Rule 7001, *et seq.* of the Federal Rules of Bankruptcy Procedure ("FRBP") and §§ 362, 548, 549, 550, and 551 of the Bankruptcy Code.

5. Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this District.

6. This is a core proceeding as defined by 28 U.S.C. § 157(b)(2)(A), (B), (E), (H), and (K).

### PARTIES

7. Namba is the duly-appointed Chapter 7 Trustee of the Estate.

8. James Rojas is an individual who, on information and belief, resides in the County of Los Angeles, State of California ("Rojas").

9. Plaintiff is informed and believes, and thereon alleges, that Sugira Limited, LLC, a California Limited Liability Company, is a limited liability company duly formed and having a principal place of business in Los Angeles County, State of California ("Sugira"). Based on Plaintiff's information and belief, Rojas is the appointed or elected manager of Sugira.

10. Plaintiff is informed and believes, and thereon alleges, that Sugari Limited, LLC is a non-

existent legal entity ("Sugari") that is a misspelling of Sugira, and if not a non-existent legal entity, it is an AKA of Sugira. Based on Plaintiff's information and belief, Rojas is the appointed or elected manager of Sugari and/or otherwise has control over the actions of Sugari.

11. Plaintiff is informed and believes, and thereon alleges, that Texas Tart, LLC, a California Limited Liability Company ("Texas Tart LLC CA"), is a limited liability company duly formed and having a principal place of business in Los Angeles County, State of California. Based on Plaintiff's information and belief, Rojas has control over the actions of Texas Tart LLC CA.

12. Plaintiff is informed and believes, and thereon alleges, that Texas Tart, LLC, a Delaware Limited Liability Company ("Texas Tart LLC DE"), is a limited liability company duly formed and having a principal place of business in Kent County, State of Delaware. Based on Plaintiff's information and belief, Rojas has control over the actions of Texas Tart LLC DE.

13. Plaintiff is informed and believes, and thereon alleges, that Texas Tart, a Delaware Corporation LLC ("Texas Tart Corp.") is a non-existent legal entity, and if not a non-existent legal entity, it is an AKA of Texas Tart LLC DE and/or Texas Tart LLC CA. Based on Plaintiff's information and belief, Rojas has control over the actions of Texas Tart Corp.

14. Plaintiff is informed and believes, and thereon alleges, that Texas Tart LLC CA, Texas Tart LLC DE, and Texas Tart Corp. are the same entity.

15. Plaintiff is informed and believes, and thereon alleges, that Canyon Crest Ranch Partners-Moorpark, LLC, a California Limited Liability Company, is a limited liability company duly formed and having a principal place of business in Ventura County, State of California ("Debtor" and/or "Canyon Crest"), and may claim an interest or claim in the Subject Property and is thus named as a defendant pursuant to California Code Civ. Proc. § 762.010.

16. Plaintiff is informed and believes, and thereon alleges, that JP Morgan Chase Bank, National Association, is a Delaware Corporation that is authorized to do business in Ventura County, State of California and may claim an interest or claim in the Subject Property and is thus named as a defendant pursuant to California Code Civ. Proc. § 762.010.

17. Plaintiff is informed and believes, and thereon alleges, that the Alvarez Firm, a law corporation, is a corporation duly formed and having a principal place of business in Los Angeles

3

County, State of California ("Alvarez") and may claim an interest or claim in the Subject Property and is thus named as a defendant pursuant to California Code Civ. Proc. §762.010.

18. Plaintiff is informed and believes, and thereon alleges, that Birdsall Group LLC, a California Limited Liability Company, is a limited liability company duly formed and having a principal place of business in Ventura County, State of California and may claim an interest or claim in the Subject Property and is thus named as a defendant pursuant to California Code Civ. Proc.§ 762.010.

19. Plaintiff is informed and believes, and thereon alleges, that Les C. Dobson is an individual who, on information and belief, resides in the County of Ventura, State of California and may claim an interest or claim in the Subject Property and is thus named as a defendant pursuant to California Code Civ. Proc.§ 762.010.

20. Plaintiff is informed and believes, and thereon alleges, that Debra L. Dobson is an individual who, on information and belief, resides in the County of Ventura, State of California and may claim an interest or claim in the Subject Property and is thus named as a defendant pursuant to California Code Civ. Proc. § 762.010.

21. Plaintiff is informed and believes, and thereon alleges, that Ushakant Thakkar, M.D., is an individual who, on information and belief, resides in the County of Ventura, State of California and may claim an interest or claim in the Subject Property and is thus named as a defendant pursuant to California Code Civ. Proc. § 762.010.

22. Plaintiff is informed and believes, and thereon alleges, that Dru Peterson is an individual who, on information and belief, resides in the County of Ventura, State of California and may claim an interest or claim in the Subject Property and is thus named as a defendant pursuant to California Code Civ. Proc. § 762.010.

23. Plaintiff is informed and believes, and thereon alleges, that Susan Peterson is an individual who, on information and belief, resides in the County of Ventura, State of California and may claim an interest or claim in the Subject Property and is thus named as a defendant pursuant to California Code Civ. Proc. § 762.010.

24. Plaintiff is informed and believes, and thereon alleges, that Jodi A. Proud is an individual who, on information and belief, resides in the County of Ventura, State of California and may claim an

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

F:\H A\clients\ACTIVE\Namba - 1349\Bankruptcy\Adversary-Post-Petition Transfers\COMPLAINT 3.5.2020.wpd

THIS DOCUMENT PREPARED ON RECYCLED PAPER.

1  interest or claim in the Subject Property and is thus named as a defendant pursuant to California Code
2  Civ. Proc. § 762.010.

### ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

25.  Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 24 above, inclusive, as though fully set forth herein.

26.  At all times relevant to the claims herein, Debtor owned property commonly known as 1035 and 1055 Marine View, Moorpark, California, as more particularly described in Exhibit "A" attached hereto (the "Subject Property").

27.  At all times relevant to the claims herein, Debtor retained equitable title to the Subject Property, and thus the Subject Property is property of the estate as defined by 11 U.S.C. § 541(a)(1).

28.  Plaintiff is informed and believes, and thereon alleges, that on or about November 20, 2003, Debtor became the titled owner of the Subject Property.

29.  Plaintiff is informed and believes, and thereon alleges, that in or about May 2018, DeeWayne Jones DDS ("Jones"), the managing member of Canyon Crest, was approached by Rojas about refinancing and/or selling the Subject Property to Rojas.

30.  Plaintiff is informed and believes, and thereon alleges, that Jones and Rojas agreed in principle to the sale of the Subject Property with the purchase price to be approximately $1,800,000.00. The sale was contingent upon certain factors including negotiating settlements with Canyon Crest's creditors.

31.  Plaintiff is informed and believes, and thereon alleges, that Rojas opened an escrow for the proposed sale transaction of the Subject Property with Allan Erdy Escrow.

32.  Plaintiff is informed and believes, and thereon alleges, that on or about August 20, 2018, Rojas informed Jones that: (a.) he had delivered funds to escrow; (b.) all of the secured creditors would be paid; and (c.) Jones would receive $51,000 from the close of escrow and an additional $250,000 ninety (90) days thereafter.

33.  Plaintiff is informed and believes, and thereon alleges, that also on or about August 20, 2018, Rojas prepared for Jones's signature a grant deed transferring the Subject Property from Canyon Crest to Rojas's legal entity, Sugira (the "Grant Deed").

34. Plaintiff is informed and believes, and thereon alleges, that Jones signed the Grant Deed on August 20, 2018. The transfer of the Subject Property effectuated by the execution and/or delivery of the Grant Deed, if any, shall be referred to as the "First Transfer."

35. Plaintiff is informed and believes, and thereon alleges, that Rojas informed Jones that Allan Erdy Escrow would send a courier to Rojas's office to pick up the signed Grant Deed. Jones thereafter left the Grant Deed with Rojas. Plaintiff is informed and believes, and thereon alleges, that at the time Jones gave the Grant Deed to Rojas, Jones knew or believed that Rojas had no right to record the Grant Deed, but only to give the Grant Deed to Allan Erdy Escrow.

36. Plaintiff is informed and believes, and thereon alleges, that Rojas did not give the Grant Deed to Allan Erdy Escrow.

37. Plaintiff is informed and believes, and thereon alleges that neither Rojas nor Sugira gave any consideration or value to the Debtor for receipt of title, if any, to the Subject Property by the First Transfer.

38. Plaintiff is informed and believes, and thereon alleges that the value of the Subject Property on the date of the First Transfer was not less than $1,800,000.00.

39. While Jones was attempting to close the sale of the Subject Property to Rojas, the holders of the second deed of trust, Les C. Dobson and Debra L. Dobson, had caused a Notice of Default and Notice of Sale to be recorded against the Subject Property with a foreclosure sale set for 11:00 a.m. on August 23, 2018.

40. Alvarez filed an involuntary bankruptcy petition (the "Involuntary Petition"), initiating the present bankruptcy case of Debtor, at 9:33 a.m. on August 23, 2018, styled Case No. 9:18-bk-11383 (the "Involuntary Bankruptcy Case").

41. The Debtor filed a voluntary bankruptcy petition at 10:02 a.m. on August 23, 2018, styled Case No. 1:18-bk-12140-MB, which was transferred to Case No. 9:18-bk-11394-DS (the "Voluntary Bankruptcy Case").

42. By virtue of the filing of the Involuntary Bankruptcy Case, the automatic stay of 11 U.S.C. § 362 came into effect and stopped the foreclosure sale.

43. Thereafter, Alvarez served the Summons and Involuntary Petition on the Debtor within

the time allowed by FRBP 7004 and filed a proof of service of the Summons and Involuntary Bankruptcy Petition with the Court.

44. On September 19, 2018, Alvarez and the Debtor submitted a Stipulation to Extend the Time for Debtor to Respond to Involuntary Petition, which was approved by this Court's Order on September 24, 2018.

45. Debtor's response to the Involuntary Petition was due on October 9, 2018. The Debtor failed to file a response by that date.

46. While the Involuntary Bankruptcy Case was pending, on or about September 29, 2018, Sugari executed a Grant Deed transferring a 70% interest in the Subject Property to Sugari and a 30% interest in the Subject Property to Texas Tart Corp. (the "Second Grant Deed"). The transfer of the Subject Property effectuated by the execution and/or delivery of the Second Grant Deed, if any, shall be referred to as the "Second Transfer."

47. Also while the Involuntary Bankruptcy Case was pending, on or about October 16, 2018, the Grant Deed was recorded (the "First Recording"). Plaintiff is informed and believes, and thereon alleges, that Rojas caused the Grant Deed to be recorded. The Grant Deed transferred title to the Subject Property to Sugira. Plaintiff is informed and believes, and thereon alleges, that Jones, who signed the Grant Deed, did not intend legal delivery sufficient to convey title to be complete until all conditions precedent to passage of title had occurred. Plaintiff is informed and believes, and thereon alleges, that at the time Rojas took physical possession of the Grant Deed, the grantor had no intent of divesting title until all conditions precedent to passage of title had occurred. Those conditions have yet to occur.

48. Plaintiff is informed and believes, and thereon alleges that Rojas was convicted of the crime of filing a false or forged instrument in violation of Penal Code 115(a), a felony, by unlawfully and knowingly procuring and offering a false and forged instrument to be filed, registered, and recorded in a public office within the state of California, which instrument, if genuine, might be filed, registered, and recorded under the law of California or the United States when he recorded the Grant Deed in the criminal case of *People v. Rojas*, Superior Court of California, County of Ventura, styled case number 2017037935.

49. Plaintiff is informed and believes, and thereon alleges that the value of the Subject

1 Property that was transferred by virtue of the First Recording, if any, is not less than $1,800,000.00.

50. Plaintiff is informed and believes, and thereon alleges, that at the time of the First Recording, Sugira did not take title to the Subject Property in good faith, and took title of the Subject Property with knowledge of the Voluntary Bankruptcy Case and Involuntary Bankruptcy Case and knowledge that the transfer was both void and voidable.

51. Plaintiff is informed and believes, and thereon alleges that neither Rojas nor Sugira gave any consideration or value to the Debtor for receipt of title to the Subject Property.

52. Plaintiff is informed and believes, and thereon alleges, that neither Jones nor Debtor received payment or any other consideration in exchange for the transfer of the Subject Property by the First Recording.

53. On October 23, 2018, the Court held a hearing on an Order to Show Cause re Dismissal of the Involuntary Bankruptcy Case. At that hearing this Court found that Alvarez had satisfied the various requirements of the Bankruptcy Code and the Local Rules for an involuntary bankruptcy case.

54. On October 23, 2018, the Court held a hearing on an Order to Show Cause re Dismissal of the Voluntary Bankruptcy Case. The Voluntary Bankruptcy Case was dismissed.

55. On October 29, 2018, the Court issued an Order for Relief and Order to File Schedules, Statements and List(s) (the "Order for Relief") in the Involuntary Bankruptcy Case.

56. Namba was appointed as the interim Trustee on November 2, 2018.

57. On or about November 28, 2018, the Second Grant Deed was recorded in the office of the Ventura County Clerk and Recorder (the "Second Recording").

58. Plaintiff is informed and believes, and thereon alleges that Rojas caused the Second Recording.

59. Plaintiff is informed and believes, and thereon alleges, that Rojas was convicted of the crime of filing a false or forged instrument in violation of Penal Code 115(a), a felony, by unlawfully and knowingly procured and offered a false and forged instrument to be filed, registered, and recorded in a public office within the state of California, which instrument, if genuine, might be filed, registered, and recorded under the law of California or the United States when he recorded the Second Grant Deed in the criminal case of *People v. Rojas*, Superior Court of California, County of Ventura, styled case

number 2017037935.

60. Plaintiff is informed and believes and thereon alleges, that Texas Tart Corp. did not give any value for its alleged interest in the Subject Property and did not take title to the Subject Property via the Second Grant Deed in good faith.

61. Plaintiff is informed and believes and thereon alleges, that Sugari did not give any value for its alleged interest in the Subject Property and did not take title to the Subject Property via the Second Grant Deed in good faith.

## FIRST CLAIM FOR RELIEF

**(Avoidance of Fraudulent Transfer of Property of the Estate - 11 U.S.C. § 548 and FRBP 7001(1) - Against Sugira)**

62. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 61 above, inclusive, as though fully set forth herein.

63. Plaintiff is informed and believes, and thereon alleges, that the transfer of title to the Subject Property, if any, via the First Transfer to Sugira occurred during the two year period immediately preceding the date that the Involuntary Petition was filed.

64. Plaintiff is informed and believes, and thereon alleges, that the transfer of title to the Subject Property, if any, via the First Transfer to Sugira was effectuated by Rojas with the actual intent to hinder, delay, and/or defraud an existing or future creditor of Debtor.

65. Plaintiff is informed and believes, and thereon alleges, that at the time the First Transfer occurred, creditors of Debtor existed that remained unpaid.

66. Plaintiff is informed and believes, and thereon alleges, that the transfer of title to the Subject Property, if any, via the First Transfer to Sugira was for no value whatsoever, including services, making it inadequate consideration from Sugira for the First Transfer.

67. Plaintiff is informed and believes, and thereon alleges, that the transfer of title to the Subject Property, if any, via the First Transfer to Sugira was for the sole benefit of Rojas and Sugira.

68. Plaintiff is informed and believes, and thereon alleges, that Debtor was insolvent at the time the transfer of title to the Subject Property, if any, via the First Transfer to Sugira occurred and/or was made insolvent by virtue of the First Transfer.

9

69. Plaintiff is informed and believes, and thereon alleges, that the transfer of title to the Subject Property, if any, via the First Transfer to Sugira was not taken in good faith.

70. By reason of the foregoing, the transfer of title to the Subject Property via the First Transfer, if any, may be avoided by the Plaintiff pursuant to 11 U.S.C. § 548.

## SECOND CLAIM FOR RELIEF

**(Declaratory Relief- FRBP 7001(1) - Against Sugira)**

71. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 70 above, inclusive, as though fully set forth herein.

72. Plaintiff is informed and believes, and thereon alleges, that Rojas, at the time Jones gave the Grant Deed to Rojas, knew or believed that Rojas had no right to record the Grant Deed, but only to give the Grant Deed to Allan Erdy Escrow.

73. Plaintiff is informed and believes, and thereon alleges, that Rojas did not give the Grant Deed to Allan Erdy Escrow.

74. Plaintiff is informed and believes that Jones never delivered the Grant Deed to Rojas such that no transfer of the Subject Property occurred at the First Transfer.

75. As such, Plaintiff seeks declaratory relief that the First Transfer is null and void and did not effectuate a transfer of the Subject Property to Sugari.

## THIRD CLAIM FOR RELIEF

**(Avoidance of Transfer of Property of the Estate - 11 U.S.C. § 549 and FRBP 7001(1) - Against Sugira)**

76. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 75 above, inclusive, as though fully set forth herein.

77. Plaintiff is informed and believes, and thereon alleges, that the transfer of title, if any, to the Subject Property was not effectuated until the First Recording.

78. Plaintiff is informed and believes, and thereon alleges, that the transfer of title to the Subject Property via the First Recording was made by Rojas while Rojas was purporting to act on behalf of the Debtor with full knowledge of the pendency of Involuntary Bankruptcy Case.

79. Plaintiff is informed and believes, and thereon alleges, that the transfer of title to the

Subject Property via the First Recording was made by Rojas while Rojas was purporting to act on behalf of the Debtor with full knowledge of the pendency of Voluntary Bankruptcy Case.

80. Plaintiff is informed and believes, and thereon alleges, that the transfer of title to the Subject Property via the First Recording occurred after the commencement of the case but before the Order for Relief was entered.

81. Plaintiff is informed and believes, and thereon alleges, that the transfer of title to the Subject Property via the First Recording was not authorized by this Court.

82. Plaintiff is informed and believes, and thereon alleges, that no value whatsoever, including services, was given by Sugira in exchange for such transfer.

83. Plaintiff is informed and believes, and thereon alleges, that Sugira did not take title to the Subject Property in good faith.

84. Plaintiff is informed and believes, and thereon alleges that Rojas was convicted of the crime of filing a false or forged instrument in violation of Penal Code 115(a), a felony, by unlawfully and knowingly procuring and offering a false and forged instrument to be filed, registered, and recorded in a public office within the state of California, which instrument, if genuine, might be filed, registered, and recorded under the law of California or the United States when he recorded the Grant Deed in the criminal case of *People v. Rojas*, Superior Court of California, County of Ventura, styled case number 2017037935.

85. As such, the transfer of title to the Subject Property via the First Recording, which occurred after the commencement of the Involuntary Bankruptcy Case but before the Order for Relief was entered without Court authority, may be avoided by the Plaintiff pursuant to 11 U.S.C. § 549.

## FOURTH CLAIM FOR RELIEF

**(Avoidance of Transfer of Property of the Estate - 11 U.S.C. § 549 and FRBP 7001(1) - Against Texas Tart Corp. and Sugari)**

86. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 85 above, inclusive, as though fully set forth herein.

87. Plaintiff is informed and believes, and thereon alleges, that, to the extent any transfer occurred, that Sugira transferred an interest in the Subject Property to Sugari and Texas Tart Corp. via

1 the Second Transfer after the Involuntary Bankruptcy Case commenced.

2    88.    Plaintiff is informed and believes, and thereon alleges, that, to the extent any transfer occurred, Texas Tart Corp., at the time of Second Transfer, had full knowledge of the Involuntary Bankruptcy Case.

89.    Plaintiff is informed and believes, and thereon alleges, that, to the extent any transfer occurred, Sugari, at the time of Second Transfer, had full knowledge of the Involuntary Bankruptcy Case.

90.    Plaintiff is informed and believes, and thereon alleges, that the transfer of title, if any, to the Subject Property via the Second Transfer was not authorized by this Court.

91.    Plaintiff is informed and believes, and thereon alleges, that, to the extent any transfer occurred, no value whatsoever, including services, was given by Texas Tart Corp. in exchange for such transfer.

92.    Plaintiff is informed and believes, and thereon alleges, that, to the extent any transfer occurred, no value whatsoever, including services, was given by Sugari in exchange for such transfer.

93.    Plaintiff is informed and believes, and thereon alleges, that, to the extent any transfer occurred, Texas Tart Corp. did not take title to the Subject Property in good faith.

94.    Plaintiff is informed and believes, and thereon alleges, that, to the extent any transfer occurred, Sugari did not take title to the Subject Property in good faith.

95.    As such, the transfer of title, to the extent any transfer occurred, to the Subject Property by the Second Transfer, which occurred after the commencement of the Involuntary Bankruptcy Case and after the Order for Relief was entered without Court authority, may be avoided by the Plaintiff pursuant to 11 U.S.C. § 549.

### FIFTH CLAIM FOR RELIEF

**(Avoidance of Transfer of Property of the Estate - 11 U.S.C. § 549 and FRBP 7001(1) - Against Texas Tart Corp. and Sugari)**

96.    Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 95 above, inclusive, as though fully set forth herein.

97.    Plaintiff is informed and believes, and thereon alleges that Sugira transferred an interest

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

F:\LI A\clients\ACTIVE\Namba - 1349\Bankruptcy\Adversary-Post-Petition Transfers\COMPLAINT 3-5-2020.wpd

THIS DOCUMENT PREPARED ON RECYCLED PAPER.

in the Subject Property to Sugari and Texas Tart Corp. via the Second Recording after the Involuntary Bankruptcy Case commenced.

98. Plaintiff is informed and believes, and thereon alleges, that Texas Tart Corp., at the time of Second Recording, had full knowledge of the Involuntary Bankruptcy Case.

99. Plaintiff is informed and believes, and thereon alleges, that Sugari, at the time of Second Recording, had full knowledge of the Involuntary Bankruptcy Case.

100. Plaintiff is informed and believes, and thereon alleges, that the transfer of title, if any, to the Subject Property via the Second Recording was not authorized by this Court.

101. Plaintiff is informed and believes, and thereon alleges, that no value whatsoever, including services, was given by Texas Tart Corp. in exchange for such transfer.

102. Plaintiff is informed and believes, and thereon alleges, that no value whatsoever, including services, was given by Sugari in exchange for such transfer.

103. Plaintiff is informed and believes, and thereon alleges, that Texas Tart Corp. did not take title to the Subject Property in good faith.

104. Plaintiff is informed and believes, and thereon alleges, that Sugari did not take title to the Subject Property in good faith.

105. As such, the transfer of title to the Subject Property by the Second Recording, which occurred after the commencement of the Involuntary Bankruptcy Case and after the Order for Relief was entered without Court authority, may be avoided by the Plaintiff pursuant to 11 U.S.C. § 549.

## SIXTH CLAIM FOR RELIEF

**(Declaratory Relief- FRBP 7001(1) - Against Sugari and Texas Tart Corp.)**

106. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 105 above, inclusive, as though fully set forth herein.

107. Plaintiff is informed and believes, and thereon alleges, the Sugari is not the same entity as Sugira.

108. Plaintiff is informed and believes, and thereon alleges, the Sugari is not a legal entity.

109. Plaintiff is informed and believes, and thereon alleges, that Texas Tart Corp. is not a legal entity.

THIS DOCUMENT PREPARED ON RECYCLED PAPER.

110. Because the Second Grant Deed is from Sugari, who was not on record title at the time the Second Transfer or Second Recording occurred, the Second Transfer and Second Recording are legal nullities because Sugari did not own the Subject Property at the time of the Second Transfer or Second Recording.

111. Because Sugari is not a legal entity, any attempt to transfer the Subject Property by the Second Transfer or the Second Recording is a legal nullity.

112. Because Texas Tart Corp. is not a legal entity, any attempt to transfer the Subject Property by the Second Transfer or the Second Recording to Texas Tart Corp. is a legal nullity.

113. As such, Plaintiff seeks declaratory relief that the Second Transfer and Second Recording are null and void and did not effectuate a transfer of the Subject Property to Sugari and Texas Tart Corp.

### SEVENTH CLAIM FOR RELIEF

**(For Recovery of Avoided Transfers - 11 U.S.C. §§ 550 and 551 - Against Sugira, Sugira, and Texas Tart Corp.)**

114. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 113 above, inclusive, as though fully set forth herein.

115. To the extent the First Transfer, the First Recording, the Second Transfer, and/or the Second Recording effectuated a transfer of the Subject Property, Plaintiff is entitled to not only avoid the transfer of title to the Subject Property via the First Transfer, the First Recording, the Second Transfer, and the Second Recording, but also to recover the Subject Property and/or the value of the Subject Property under 11 U.S.C. § 550(a) for the benefit of the Estate, including any increase of the value of the Subject Property since the time of the transfer, together with interest at the applicable rate from the date the Subject Property was transferred.

116. Sugira is an initial transferee within the meaning of 11 U.S.C. § 550(a).

117. Sugira is a transferee that did not take for value, in good faith, and without knowledge of the voidability of the transfer avoided.

118. Sugari is a subsequent transferee within the meaning of 11 U.S.C. § 550(a).

119. Sugari is a subsequent transferee that did not take for value, in good faith, and without knowledge of the voidability of the transfer avoided.

120. Texas Tart Corp. is a subsequent transferee within the meaning of 11 U.S.C. § 550(a).

121. Texas Tart Corp. is a subsequent transferee that did not take for value, in good faith, and without knowledge of the voidability of the transfer avoided.

122. Accordingly, Plaintiff is entitled to judgment for the recovery of Debtor's interest in the Subject Property for the benefit of the Estate under 11 U.S.C. §§ 550(a) and 551.

### EIGHTH CLAIM FOR RELIEF

**(Avoidance of Transfer of Property of the Estate - 11 U.S.C. § 362 and FRBP 7001(1) - Against Rojas, Sugira, and Sugari)**

123. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 122 above, inclusive, as though fully set forth herein.

124. Plaintiff is informed and believes, and thereon alleges, that the transfer of title to the Subject Property via the First Recording, the Second Transfer, and the Second Recording, to the extent such actions effectuated a transfer of the Subject Property, were made by Rojas while Rojas was purporting to act on behalf of the Debtor with full knowledge of the pending Involuntary Bankruptcy Case.

125. Said transfers of title to the Subject Property while the Involuntary Bankruptcy Case was pending are therefore willful violations of the automatic stay found at 11 U.S.C. § 362(a)(3).

126. Said transfers of title to the Subject Property are therefore void and Plaintiff is entitled to an award of damages, including costs, attorney's fees, and punitive damages pursuant to 11 U.S.C. § 362(k).

### NINTH CLAIM FOR RELIEF

**(Declaratory Relief- FRBP 7001(1) - Against Dru Peterson and Susan Peterson)**

127. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 126 above, inclusive, as though fully set forth herein.

128. Plaintiff is informed and believes, and thereon alleges, that on or about August 8, 2018, a deed of trust was recorded in favor of Dru Peterson and Susan Peterson (the "Peterson Deed of Trust").

129. The Peterson Deed of Trust indicates that the borrowers are A. DeeWayne Jones and Shirley K. Jones.

15

THIS DOCUMENT PREPARED ON RECYCLED PAPER.

130. The Peterson Deed of Trust is signed by A. DeeWayne Jones and Shirley K. Jones in their individual capacity on July 26, 2018.

131. Debtor is not indicated as a borrower on the Peterson Deed of Trust, and Debtor did not sign the Peterson Deed of Trust.

132. The Peterson Deed of Trust does not evidence a claim owed by Debtor.

133. Plaintiff is informed and believes, and thereon alleges, that the Peterson Deed of Trust was recorded against the Subject Property and currently encumbers title to the Subject Property.

134. As such, Plaintiff seeks declaratory relief that the Peterson Deed of Trust is not a lien against the Subject Property or claim against Debtor's bankruptcy estate.

## TENTH CLAIM FOR RELIEF

### (Declaratory Relief- FRBP 7001(1) - Against Jodi A. Proud)

135. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 134 above, inclusive, as though fully set forth herein.

136. Plaintiff is informed and believes, and thereon alleges, that on or about August 8, 2018, a deed of trust was recorded in favor of Jodi A. Proud (the "Proud Deed of Trust").

137. The Proud Deed of Trust indicates that the borrowers are A. DeeWayne Jones and Shirley K. Jones.

138. The Proud Deed of Trust is signed by A. DeeWayne Jones and Shirley K. Jones in their individual capacity on July 13, 2018.

139. Debtor is not indicated as a borrower on the Proud Deed of Trust and Debtor did not sign the Proud Deed of Trust.

140. The Proud Deed of Trust does not evidence a claim owed by Debtor.

141. Plaintiff is informed and believes, and thereon alleges, that the Proud Deed of Trust was recorded against the Subject Property and currently encumbers title to the Subject Property.

142. As such, Plaintiff seeks declaratory relief that the Proud Deed of Trust is not a lien against the Subject Property or claim against Debtor's bankruptcy estate.

///

///

THIS DOCUMENT PREPARED ON RECYCLED PAPER.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter relief and judgment in its favor and against the Defendants as follows:

143. On the First Claim, that the First Transfer of the Subject Property be avoided for the benefit of the Estate;

144. On the Second Claim, that the First Transfer be declared null and void;

145. On the Third Claim, that the First Recording of the Subject Property be avoided for the benefit of the Estate;

146. On the Fourth Claim, that the Second Transfer of the Subject Property be avoided for the benefit of the Estate;

147. On the Fifth Claim, that the Second Recording of the Subject Property be avoided for the benefit of the Estate;

148. On the Sixth Claim, that the Second Transfer be declared null and void;

149. On the Seventh Claim, that the transfers of the Subject Property be returned to the Estate for the benefit of the Estate;

150. On the Eighth Claim, that Plaintiff be awarded damages, including costs, attorney's fees, and punitive damages, for the violation of the automatic stay by the transfers of the Subject Property;

151. On the Ninth Claim, that the transfers of the Subject Property be declared void and title to the Subject Property be returned to the Estate for the benefit of the Estate and that Plaintiff be awarded attorney's fees and costs and punitive damages;

152. On the Tenth Claim, that the Peterson Deed of Trust and Proud Deed of Trust be declared as not a lien encumbering the Subject Property;

153. On all claims, for damages according to proof, and interest thereon at the legal rate from the date of the transfers;

154. On all claims, a determination that any mortgages, liens or other encumbrances that Sugira, Sugari, and/or Texas Tart Corp. has on the property of the Debtor are void, or should be avoided, to the full extent necessary to afford the Debtor and its other creditors complete compensation;

155. On all claims, an order disallowing any and all of the claims of Sugira, Sugari, and/or

THIS DOCUMENT PREPARED ON RECYCLED PAPER.

Texas Tart Corp. to the full extent necessary to afford the Debtor and its creditors complete compensation for all harm caused by the wrongful conduct of Sugira, Sugari and/or Texas Tart Corp.;

156. For costs of suit, including attorneys' fees, to the extent authorized by contract, common law, or by statute; and

157. For such other relief as the Court deems just and proper.

Respectfully Submitted,

HABERBUSH, LLP

Dated: March 5, 2020    By: _____
LOUIS H. ALTMAN, Attorneys for Jerry Namba, Chapter 7 Trustee

THIS DOCUMENT PREPARED ON RECYCLED PAPER.